UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GEORGE CHACHAS,

    Plaintiff,

v.

CITY OF ELY, NEVADA, et al.,

    Defendants.

3:07-CV-00158-LRH-VPC

ORDER

    Presently before the court is Defendants City of Ely, Nevada, et al.'s, (collectively, "Defendants") Motion for Summary Judgment (#23). Plaintiff George Chachas has filed an opposition and motion for partial summary judgment (#24), to which Defendants replied (#25).

    In ruling on a motion for summary judgment, the court can only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). The court has reviewed the evidence submitted by both parties in support of their respective motions and finds the record devoid of admissible evidence. Neither party has filed a single affidavit as provided for in Federal Rule of Civil Procedure 56(e), and the record is replete with unauthenticated documents and hearsay.[1] The parties have also completely failed to comply with Local Rule 56-1.

---

[1] The court is willing to consider the submitted minutes of the city council meetings, the orders of the state court, and the findings of the Nevada Commission on Ethics as authenticated by their (cont'd on p.2)

In light of both parties' failure to submit competent evidence in support of their motions, the court will deny without prejudice the motion for summary judgment (#23) and the motion for partial summary judgment (#24). The court will grant Defendants thirty (30) days from the issuance of this order to file a renewed motion for summary judgment supported by competent evidence. Likewise, the court will grant Plaintiff forty-five (45) days from the issuance of this order to file a renewed motion for partial summary judgment supported by competent evidence. Each side will have an additional ten (10) day period for appropriate oppositions and replies. The court admonishes counsel for each side that the failure to provide competent evidence in support of their motions or to comply with Local Rule 56-1 will lead to the denial of such motions.

The court further advises counsel of the privacy protections provided for in Federal Rule of Civil Procedure 5.2. Rule 5.2 is a result of the E-Government Act of 2002, in which Congress recognized the need for rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." Fed. R. Civ. P. 5.2 advisory committee's notes. The rule is further derived from and implements the policy adopted by the Judicial Conference in September of 2001 to address privacy concerns resulting from public access to electronic case files. Fed. R. Civ. P. 5.2 advisory committee's notes (citing http://www.privacy.uscourts.gov/policy.htm). Thus, Rule 5.2 recognizes the inherent threat of electronic filing to individual privacy concerns.

Here, the court particularly notes the failure of defense counsel to comply with the requirements of Rule 5.2 in filing, without the appropriate redactions, medical release authorization forms executed by Plaintiff. To the extent that this and any additional evidence includes Plaintiff's or any other individuals' personal information, including social security numbers and dates of birth, the parties shall identify the evidence, redact such personal information and disclose only the year

---

contents. Nonetheless, in their renewed motions, the parties will need to overcome any additional hearsay implications raised by the content of these documents.

of birth and the last four digits of the social security numbers, in accordance with Rule 5.2.  Within ten (10) days from the issuance of this order, Defendants shall identify the specific locations of all such prohibited information in pleadings filed to date, and the court clerk shall seal such portions.

    IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (#23) is hereby DENIED without prejudice.  Defendants are granted thirty (30) days to file a renewed motion for summary judgment.

    IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (#24) is hereby DENIED without prejudice.  Plaintiff is granted forty-five (45) days to file a renewed motion for summary judgment.

    Each party shall have ten (10) days to file appropriate oppositions and replies.

    If no renewed motions for summary judgment are filed, the parties' joint proposed pretrial order shall be filed within forty-five (45) days of this order.

    IT IS SO ORDERED.

    DATED this 27th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE